**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

GAME PLAY NETWORK, INC.,      )
                                 )
         Plaintiff,         )
                                 )     Civil Action No.:
       v.               )
                                 )     **JURY TRIAL DEMANDED**
LIEN GAMES RACING LLC,      )
                                 )
        Defendant.     )

## COMPLAINT

Plaintiff, Game Play Network, Inc. ("Plaintiff" or "GPN"), by and through undersigned counsel, as and for its Complaint against Defendant Lien Games Racing LLC (hereinafter "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C."), against Defendant for infringement of U.S. Patent No. 8,777,735 ("the '735 Patent"), U.S. Patent No. 8,992,312 ("the '312 Patent), U.S. Patent No. 9,299,218 ("the '218 Patent"), and U.S. Patent No. 9,070,252 ("the '252 Patent") (collectively, "Patents-in-Suit").

## THE PARTIES

2.     Plaintiff is a Delaware corporation with its principal place of business at 10866 Wilshire Blvd, Ste. 700, Los Angeles, CA 90024.

3.     Upon information and belief, Defendant is a limited liability company organized under the laws of Delaware, having a principal place of business at 404 4th Avenue North, Suite 200, Fargo, North Dakota 58102.

4.      Plaintiff is further informed and believes, and on that basis alleges, that Defendant is a licensed service provider which offers an advance deposit wagering service to eligible consumers in certain states in the United States, including the state of Delaware, utilizing a website and associated mobile applications.  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Defendant's website and associated mobile applications.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because Plaintiff's injury and cause of action arose in this District, as alleged herein.

8.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this judicial District; and (iii) being formed under the laws of Delaware.

2

9.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because, among other things, Defendant transacts business within this District and because Defendant resides in this District through its incorporation in this District.

## PATENTS-IN-SUIT

10.     On July 15, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '735 Patent, entitled "Monetization of an Integrated Wagering and Interactive Media Platform" after a full and fair examination.  The '735 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11.     The invention claimed in the '735 Patent relates to systems and methods of selecting and placing real-world wagers responsive to one or more wager triggers, obtaining outcomes of the real-world wagers, facilitating user interactions with various interactive media, and revealing the outcomes of the real-world wagers through the interactive media to give an appearance that the outcomes of the real-world wagers resulted from the user interactions even though the outcomes resulted from the real-world wagers and were determined before the user interactions.

12.     The '735 Patent contains one independent claim and seven dependent claims.

13.     Claim 1 of the '735 Patent states:

"1. A computer implemented method of monetizing an integrated wager and interactive media platform, the method being implemented in a computer system having one or more physical processors programmed with computer program instructions that, when executed by the one or more physical processors, cause the computer system to perform the method, the method comprising:

processing, by the computer system, a real-world wager associated with a user;

determining, by the computer system, the outcome of the real-world wager before a user

interaction by the user with interactive media;

revealing, by the computer system, at least a portion of the outcome to the user through the

interactive media based on the user interaction to give the appearance that the user won the

revealed portion based on the user interaction; and

collecting, by the computer system, a fee related to the processing of the wager, use of the

interactive media by the user, and/or the reveal of the portion of the outcome."

14.    Defendant commercializes, *inter alia*, methods that perform all the steps recited

in at least Claim 1 of the '735 Patent.  Specifically, Defendant made, used, sold, offered for sale,

or imported an integrated wager and interactive media platform practicing a method that

encompasses that which is covered by Claim 1 of the '735 Patent.

15.    On March 31, 2015, the USPTO duly and legally issued the '312 Patent, entitled

"System and Method of Providing an Integrated Wagering and Interactive Media Platform" after

a full and fair examination.  The '312 Patent is attached hereto as Exhibit B and incorporated

herein as if fully rewritten.

16.    The invention claimed in the '312 Patent relates to systems and methods of

providing an integrated wagering and interactive media platform.  The system enables an

interactive media provider to identify a user, place wagers on behalf of the user, obtain wager

outcomes from the system, and provide the wager outcomes to the user according to a reveal

specification.  In particular, games and other interactive media may use the reveal mechanisms

described in the '312 Patent to reveal outcomes of real-world wagers associated with a user.

17.    The '312 Patent contains four independent claim and twenty six dependent

claims.

18.     Claim 1 of the '312 Patent states:

"1. A system of providing an integrated wagering and interactive media platform that updates at least a first balance associated with a user based on outcomes of wagers placed on behalf of the user and reveals at least portions of the first balance through remote devices, the system comprising:

a computer system having one or more physical processors programmed by computer program instructions that, when executed by the one or more physical processors, cause the computer system to:

cause a wager to be placed on behalf of the user through a real currency wagering system;

obtain an outcome of the wager;

update at least a first balance associated with the user based on the outcome;

determine an amount of the first balance to be potentially revealed to the user;

generate a reveal specification based on the determined amount, wherein the reveal specification includes a reveal parameter that specifies the determined amount; and

cause the reveal specification to be transmitted to a remote device."

19.     Defendant commercializes, *inter alia*, a system that practices all the elements recited in at least Claim 1 of the '312 Patent.  Specifically, Defendant made, used, sold, offered for sale, or imported an integrated wager and interactive media platform which constitutes a system that encompasses that which is covered by Claim 1 of the '312 Patent.

20.     On March 29, 2016, the USPTO duly and legally issued the '218 Patent, entitled "System and Method of Revealing Real World Wager Outcomes Based on User Interactions With Interactive Media" after a full and fair examination.  The '218 Patent is attached hereto as Exhibit C and incorporated herein as if fully rewritten.

21.     The invention claimed in the '218 Patent relates to a system and method of selecting and placing real-world wagers responsive to one or more wager triggers, obtaining outcomes of the real-world wagers, facilitating user interactions with various interactive media, and revealing the outcomes of the real-world wagers through the interactive media to give an appearance that the outcomes of the real-world wagers resulted from the user interactions even though the outcomes resulted from the real-world wagers and were determined before the user interactions.  The system and method of the '218 Patent integrate real-world wager outcomes with gameplay and other user interactions to provide an engaging user experience with interactive media.

22.     The '218 Patent contains two independent claim and twenty eight dependent claims.

23.     Claim 1 of the '218 Patent states:

"1. A computer implemented method of updating a user account based on outcomes of wagers placed on behalf of a user and revealing at least portions of the user account through interactive media applications, wherein the user account is associated, during a user enrollment process, with identifying information, the method being implemented in a computer system having one or more physical processors programmed with computer program instructions that, when executed by the one or more physical processors, cause the computer system to perform the method, the method comprising:

        causing, by the computer system, a wager to be placed on behalf of the user;

        obtaining, by the computer system, an outcome of the wager;

        updating, by the computer system, an account balance associated with the user account based on the outcome;

obtaining, by the computer system, the identifying information from an interactive media application;

identifying, by the computer system, the user account based on the identifying information; and

causing, by the computer system, an indication of an amount of the account balance to be revealed to be transmitted to the interactive media application."

24.     Defendant commercializes, inter alia, methods that perform all the steps recited in at least Claim 1 of the '218 Patent.  Specifically, Defendant made, used, sold, offered for sale, or imported an integrated wager and interactive media platform practicing a method that encompasses that which is covered by Claim 1 of the '218 Patent.

25.     On June 30, 2015, the USPTO duly and legally issued the '252 Patent, entitled "System and Method of Revealing Sponsored and Other Items Through Mock Reveals" after a full and fair examination.  The '252 Patent is attached hereto as Exhibit D and incorporated herein as if fully rewritten.

26.     The invention claimed in the '252 Patent relates to a system and method of selecting and placing real-world wagers responsive to one or more wager triggers, obtaining outcomes of the real-world wagers, facilitating user interactions with various interactive media, and revealing the outcomes of the real-world wagers through the interactive media to give an appearance that the outcomes of the real-world wagers resulted from the user interactions.

27.     The '252 Patent contains three independent claim and twenty six dependent claims.

28.     Claim 1 of the '252 Patent states:

"1. A computer implemented method of allocating items, to a user account balance associated with a user, that are to be revealed through an interactive media application, the method being implemented in a computer system having one or more physical processors programmed with computer program instructions that, when executed by the one or more physical processors, cause the computer system to perform the method, the method comprising:

identifying, by the computer system, an item to be revealed to the user;

allocating, by the computer system, the item to the user account balance, wherein the user account balance includes a plurality of items allocated to the user;

selecting, by the computer system, the item from among the plurality of items to be revealed to the user;

selecting, by the computer system, the interactive media application from among a plurality of interactive media applications in which to reveal the item based on one or more parameters that specify a manner in which to reveal the item;

transmitting, by the computer system, information that specifies a reveal of the item to the interactive media application;

receiving, by the computer system, back from the interactive media application, information indicating whether the item was revealed through the interactive media application; and

updating, by the computer system, the user account balance based on the information received back from the interactive media application."

29.     Defendant commercializes, inter alia, methods that perform all the steps recited in at least Claim 1 of the '252 Patent.  Specifically, Defendant made, used, sold, offered for sale,

or imported an integrated wager and interactive media platform practicing a method that encompasses that which is covered by Claim 1 of the '252 Patent.

30.     Plaintiff is presently the owner of the Patents-in-Suit, having received all right, title and interest in and to the Patents-in-Suit.   Plaintiff possesses all rights of recovery under the Patents-in-Suit, including the exclusive right to recover for past infringement.

31.     To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. §287.

## DEFENDANT'S PRODUCTS

32.     Defendant offers products, such as "Rush Bet & Win Platform" (the "Accused Products"), that infringe claims of the Patents-in-Suit.  The Rush Bet & Win platform consists of the website RushBetandWin.com, a software application for mobile devices entitled "RUSH: Online Real Money Casino" on iOS and "Rush Bet & Win" on Android, as well as operating servers and other support infrastructure which enables the features of the applications.

LIEN GAMES RACING                                                    ABOUT US    CONTACT US

## Internet/Mobile/App Wagering

With our foundation in land-based wagering, we determined back in 2009 that the future growth of pari-mutuel wagering lived in online Internet and mobile device wagering, which we now offered in all states where pari-mutuel wagering is legal, and licenses and approvals are obtained where required by law and regulation. We utilize a cloud-based server network which operates proprietary software for pari-mutuel wagering, tied by secure frame relay to the Amtote International wagering hub.

We currently operate two brands, each with a unique market target, which offer pari-mutuel wagering. The first is OffTrackBetting.com, where pari-mutuel wagering is offered on tracks throughout the county and around the world.

The second, powered by the technology and services of Potent Systems, Inc., is RushBetandWin.com. As RushBetandWin is currently an "app only" offering, RushBetandWin.com serves as a portal where customers can download the app, either in the iOS Apple version, or the Android version. Consumers can also visit theApple App Store to download the iOS version.

Developed by Potent Systems, and licensed to Lien Games Racing, the RUSH initiative combines our burnished seventeen year history for wagering on live horse racing with the casual, social and virtual games markets. Think of the pari-mutuel race wager as the Random Number Generator (RNG) of a casual, social or virtual game. This is driven by three factors: (1) the exclusiveness which pari-mutuel wagering holds for interstate real money gaming; (2) the potential of game creatorsand publishers to expand their product offering and pursue a whole new market of real money prizes for casual, social and virtual gamers; and (3) the ability for consumers to enjoy casual, social and virtual games with the ability to win hard currency prizes, in pari-mutuel states, all without the need to pass or change one law.

We plan to launch additional branded apps using the Potent Systems RUSH Platform, with the next app being branded for PlayUpCasino.

*Figure 1: Excerpt From https://liengamesracing.com/.*

33.      The Accused Products are described as offering "Real Money Betting games in an easy to play app," noting that "with RUSH you can Wager and Win Real Money!"  The Accused Products offerings focus on two categories of products, RUSH Racing Games and RUSH Casino Games, which permit users of the mobile applications to place real wagers on virtual sporting events or casino games.  Users of the Accused Products then reveal the results of their real world wagers by interacting with virtual events, such as watching a virtual race or playing a virtual Match 3 casino game.

**RUSH Racing** is an exciting way to wager on virtual sporting events in the United States.   We offer a wide variety of sporting events (more to come!) throughout the day that you can watch, wager on, and enjoy the Rush of the Race!   It's like all the excitement of watching a live race, without any of the real world limitations - there are events on all throughout the day, with new competitors, new outcomes, and new excitement.

**RUSH Casino Games** offer fun Match 3, Slots and Lottery style games!   Buy a package of games, Win Real Money, and have some fun while playing!   The more you pay, the more games you get to play (and the bigger your potential win!) - with each increasing package size we offer more and more free plays!   So it pays to buy a higher package!

*Figure 2: Excerpt From https://intercom.help/rushracing/en/articles/4088455-what-is-rush-bet-win.*

34.      The results of the real wagers being placed by users of the Accused Products are determined based on live events happening in the real world.  For example, the results of a wager placed on virtual race may be determined by the results of a real horse race taking place anywhere in the world.

> **RUSH is creating an exciting new gaming vertical in the U.S. market** - All our game results come from live events - meaning we power every game from the outcome of a real world event - which means you can have faith and trust that the game outcome isn't being manipulated in any way.

*Figure 3: Excerpt From https://intercom.help/rushracing/en/articles/4088455-what-is-rush-bet-win.*

35.     Defendant offers products and services that directly infringe or induce and/or contribute to infringement of the Patents-in-Suit, including at least the RUSH Bet & Win platform and related software applications.  In addition, Defendant provides users of the RUSH Bet & Win platform with instructions, product information, and services for using the RUSH Bet & Win platform that, among other things, instruct the user to act in an infringing manner.  The Accused Products also contributorily infringe, as they are not staple articles of commerce having a substantial non-infringing use.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '735 PATENT)

36.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the foregoing paragraphs.

37.     In violation of 35 U.S.C. § 271, Defendant has directly infringed, and continues to infringe, at least claim 1 of the '735 Patent.

38.     Defendant has had knowledge of infringement of the '735 Patent at least as of November 28, 2022, when GPN sent a letter to Defendant explaining that the RUSH Bet & Win platform infringes claim 1 of the '735 Patent and an associated claim chart.

39.     Defendant has directly infringed at least one claim of the '735 Patent by using and offering the Accused Products without authority in the United States.   As a direct and

proximate result of Defendant's direct infringement of the '735 Patent, Plaintiff has been and continues to be damaged.

40.     The claim chart[1] attached hereto as Exhibit E demonstrates that the Accused Products infringe at least claim 1 of the '735 Patent.

41.     Defendant knowingly, actively induced and continues to knowingly induce third party direct infringers — such as users of the RUSH Bet & Win platform — to practice the patented inventions of at least claim 1 of the '735 Patent by using the infringing RUSH Bet & Win platform.  Defendant encourages and facilitates infringement creating and distributing instructional, product, and technical materials related to the use of the Accused Products in an infringing manner.  For example, Defendant's website shows how to use the RUSH Bet & Win platform in an infringing manner.  Since at least November 28, 2022, Defendant has had knowledge that the induced acts constitute patent infringement, in violation of 35 U.S.C. § 271(b).

42.     The Accused Products are especially made or adapted for infringing use, and Defendant offers the RUSH Bet & Win platform for use in infringement of at least claim 1 of the '735 Patent.  Defendant knowingly contributed to and continues to contribute to infringement of the '735 Patent in this District, where the RUSH Bet & Win platform constitutes a material part of the patented inventions recited in at least claim 1 of the '735 Patent and is not a staple article or commodity of commerce suitable for a substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

---

[1] Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case.  The claim charts attached to this complaint are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

43.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '735 Patent, pursuant to 35 U.S.C. § 271.

44.     Defendant has committed these acts of infringement without license or authorization.

45.     As a result of Defendant's infringement of the '735 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.  Defendant's infringement of the '735 Patent has been and continues to be deliberate and willful, and therefore, this is an exceptional case warranting an award of enhanced damages up to three times the actual damages awarded and attorney's fees to Plaintiff  pursuant to 35 U.S.C. §§ 284-285. As noted above, Defendant has had knowledge of the '735 patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for GPN's patent rights.  Thus, Defendant's infringing activities have been and continue to be consciously wrongful.

## SECOND CAUSE OF ACTION
## (INFRINGEMENT OF THE '312 PATENT)

46.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the foregoing paragraphs.

47.     In violation of 35 U.S.C. § 271, Defendant has directly infringed, and continues to infringe, at least claim 1 of the '312 Patent.

48.     Defendant has had knowledge of infringement of the '312 Patent at least as of November 28, 2022, when GPN sent a letter to Defendant explaining that the RUSH Bet & Win platform infringes claim 1 of the '312 Patent and an associated claim chart.

49.     Defendant has directly infringed at least one claim of the '312 Patent by using and offering for sale or use the RUSH Bet & Win platform without authority in the United States.  As a direct and proximate result of Defendant's direct infringement of the '312 Patent, Plaintiff has been and continues to be damaged.

50.     The claim chart attached hereto as Exhibit F demonstrates that the Accused Products infringe at least claim 1 of the '312 Patent.

51.     Defendant knowingly, actively induced and continues to knowingly induce third party direct infringers — such as users of the RUSH Bet & Win platform — to practice the patented inventions of at least claim 1 of the '312 Patent by using the infringing RUSH Bet & Win platform.  Defendant encourages and facilitates infringement creating and distributing instructional, product, and technical materials related to the use of the Accused Products in an infringing manner.  For example, Defendant's website shows how to use the RUSH Bet & Win platform in an infringing manner.  Since at least November 28, 2022, Defendant has had knowledge that the induced acts constitute patent infringement, in violation of 35 U.S.C. § 271(b).

52.     The Accused Products are especially made or adapted for infringing use, and Defendant offers the RUSH Bet & Win platform for use in infringement of at least claim 1 of the '312 Patent.  Defendant knowingly contributed to and continues to contribute to infringement of the '312 Patent in this District, where the RUSH Bet & Win platform constitutes a material part of the patented inventions recited in at least claim 1 of the '312 Patent and is not a staple article or commodity of commerce suitable for a substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

53.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '312 Patent, pursuant to 35 U.S.C. § 271.

54.     Defendant has committed these acts of infringement without license or authorization.

55.     As a result of Defendant's infringement of the '312 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.  Defendant's infringement of the '312 Patent has been and continues to be deliberate and willful, and therefore, this is an exceptional case warranting an award of enhanced damages up to three times the actual damages awarded and attorney's fees to Plaintiff  pursuant to 35 U.S.C. §§ 284-285. As noted above, Defendant has had knowledge of the '312 patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for GPN's patent rights.  Thus, Defendant's infringing activities have been and continue to be consciously wrongful.

<u>**THIRD CAUSE OF ACTION**</u>
<u>**(INFRINGEMENT OF THE '218 PATENT)**</u>

56.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the foregoing paragraphs.

57.     In violation of 35 U.S.C. § 271, Defendant has directly infringed, and continues to infringe, at least claim 1 of the '218 Patent.

58.     Defendant has had knowledge of infringement of the '218 Patent at least as of November 28, 2022, when GPN sent a letter to Defendant explaining that the RUSH Bet & Win platform infringes claim 1 of the '218 Patent and an associated claim chart.

59.     Defendant has directly infringed at least one claim of the '218 Patent by using and offering for sale or use the RUSH Bet & Win platform without authority in the United States.  As a direct and proximate result of Defendant's direct infringement of the '218 Patent, Plaintiff has been and continues to be damaged.

60.     The claim chart attached hereto as Exhibit G demonstrates that the Accused Products infringe at least claim 1 of the '218 Patent.

61.     Defendant knowingly, actively induced and continues to knowingly induce third party direct infringers — such as users of the RUSH Bet & Win platform — to practice the patented inventions of at least claim 1 of the '218 Patent by using the infringing RUSH Bet & Win platform.  Defendant encourages and facilitates infringement creating and distributing instructional, product, and technical materials related to the use of the Accused Products in an infringing manner.  For example, Defendant's website shows how to use the RUSH Bet & Win platform in an infringing manner.  Since at least November 28, 2022, Defendant has had knowledge that the induced acts constitute patent infringement, in violation of 35 U.S.C. § 271(b).

62.     The Accused Products are especially made or adapted for infringing use, and Defendant offers the RUSH Bet & Win platform for use in infringement of at least claim 1 of the '218 Patent. Defendant knowingly contributed to and continues to contribute to infringement of the '218 Patent in this District, where the RUSH Bet & Win platform constitutes a material part of the patented inventions recited in at least claim 1 of the '218 Patent and is not a staple article or commodity of commerce suitable for a substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

63.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '218 Patent, pursuant to 35 U.S.C. § 271.

64.     Defendant has committed these acts of infringement without license or authorization.

65.     As a result of Defendant's infringement of the '218 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.  Defendant's infringement of the '218 Patent has been and continues to be deliberate and willful, and therefore, this is an exceptional case warranting an award of enhanced damages up to three times the actual damages awarded and attorney's fees to Plaintiff  pursuant to 35 U.S.C. §§ 284-285. As noted above, Defendant has had knowledge of the '218 patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for GPN's patent rights.  Thus, Defendant's infringing activities have been and continue to be consciously wrongful.

## FOURTH CAUSE OF ACTION
## (INFRINGEMENT OF THE '252 PATENT)

66.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the foregoing paragraphs.

67.     In violation of 35 U.S.C. § 271, Defendant has directly infringed, and continues to infringe, at least claim 1 of the '252 Patent.

68.     Defendant has had knowledge of infringement of the '252 Patent at least as of November 28, 2022, when GPN sent a letter to Defendant explaining that the RUSH Bet & Win platform infringes claim 1 of the '252 Patent and an associated claim chart.

69.     Defendant has directly infringed at least one claim of the '252 Patent by using and offering for sale or use the RUSH Bet & Win platform without authority in the United States.  As a direct and proximate result of Defendant's direct infringement of the '252 Patent, Plaintiff has been and continues to be damaged.

70.     The claim chart attached hereto as Exhibit H demonstrates that the Accused Products infringe at least claim 1 of the '252 Patent.

71.     Defendant knowingly, actively induced and continues to knowingly induce third party direct infringers — such as users of the RUSH Bet & Win platform — to practice the patented inventions of at least claim 1 of the '252 Patent by using the infringing RUSH Bet & Win platform.  Defendant encourages and facilitates infringement creating and distributing instructional, product, and technical materials related to the use of the Accused Products in an infringing manner.  For example, Defendant's website shows how to use the RUSH Bet & Win platform in an infringing manner.  Since at least November 28, 2022, Defendant has had knowledge that the induced acts constitute patent infringement, in violation of 35 U.S.C. § 271(b).

72.     The Accused Products are especially made or adapted for infringing use, and Defendant offers the RUSH Bet & Win platform for use in infringement of at least claim 1 of the '252 Patent.  Defendant knowingly contributed to and continues to contribute to infringement of the '252 Patent in this District, where the RUSH Bet & Win platform constitutes a material part of the patented inventions recited in at least claim 1 of the '252 Patent and is not a staple article or commodity of commerce suitable for a substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

73.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '252 Patent, pursuant to 35 U.S.C. § 271.

74.     Defendant has committed these acts of infringement without license or authorization.

75.     As a result of Defendant's infringement of the '252 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.  Defendant's infringement of the '252 Patent has been and continues to be deliberate and willful, and therefore, this is an exceptional case warranting an award of enhanced damages up to three times the actual damages awarded and attorney's fees to Plaintiff  pursuant to 35 U.S.C. §§ 284-285. As noted above, Defendant has had knowledge of the '252 patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for GPN's patent rights.  Thus, Defendant's infringing activities have been and continue to be consciously wrongful.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.     A judgement that Defendant has infringed directly and indirectly one or more claims of the '735 Patent, either literally or under the doctrine of equivalents;

b.     A judgement that Defendant has infringed directly and indirectly one or more claims of the '312 Patent, either literally or under the doctrine of equivalents;

c.    A judgement that Defendant has infringed directly and indirectly one or more claims of the '218 Patent, either literally or under the doctrine of equivalents;

d.    A judgement that Defendant has infringed directly and indirectly one or more claims of the '252 Patent, either literally or under the doctrine of equivalents;

e.    A judgement that Defendant has willfully infringed each of the Patents-in-Suit;

f.    An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

g.    An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Plaintiff for the Defendant's past infringement, including compensatory damages;

h.    An award of enhanced damages, up to and including trebling of the damages awarded to Plaintiff.

i.    An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

j.    That Defendant be directed to pay Plaintiff's attorneys' fees, costs, and expenses that it incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

k.    That Plaintiff be granted such other and further relief as this Court may deem just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul W. Garrity
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
(212) 653-8700

James G. Gatto
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006
(202) 747-1900

Ryan P. Cunningham
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130
(858) 720-8900

Dated:  March 23, 2023
10572412

By:  /s/  Philip A. Rovner
       Philip A. Rovner (#3215)
       Jonathan A. Choa (#5319)
       Hercules Plaza
       P.O. Box 951
       Wilmington, DE  19899
       (302) 984-6000
       provner@potteranderson.com
       jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Game Play Network, Inc.*