IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GAME PLAY NETWORK, INC.

            Plaintiff,

          v.                        C.A. No. 23-323-GBW

POTENT SYSTEMS, INC. and
LIEN GAMES RACING LLC,

            Defendants.

---

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Game Play Network, Inc. ("GPN")'s Motion for

Reconsideration and Reargument of the Court's June 28, 2024 Memorandum Opinion (D.I. 31)

(the "Motion for Reconsideration"),[1] which Defendants Potent Systems, Inc., and Lien Games

Racing LLC (collectively, "Defendants") have opposed (D.I. 33). For the following reasons, the

Court denies GPN's Motion for Reconsideration.

**I.      BACKGROUND**

GPN "alleges that certain products of Defendants Potent Systems, Inc., and Lien Games

Racing LLC infringe United States Patent Nos. 8,777,735 ('the '735 patent'), 9,299,218 ('the '218

patent'), 8,992,312 ('the '312 patent'), and 9,070,252 ('the '252 patent')." *Game Play Network,*

*Inc. v. Potent Sys., Inc.*, No. CV 23-323-GBW, 2024 WL 3226214, at *1 (D. Del. June 28, 2024).

"Defendants assert that the claims of the patents-in-suit do not claim patent-eligible subject matter

---

[1] GPN attempts to use footnotes in its opening brief to advance substantive arguments. The Court
will not consider such footnotes, as "[a]rguments in footnotes are forfeited." *In Re Novartis*
*Pharms. Corp. v. MSN Pharms. Inc.*, No. 20-MD-2930-RGA, 2024 WL 4723274, at *4 (D. Del.
Nov. 8, 2024).

under 35 U.S.C. § 101." 2024 WL 3226214, at *1. Thus, "Defendants move[d] to dismiss GPN's Amended Complaint (D.I. 8) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted." 2024 WL 3226214, at *1. As discussed below, after carefully considering each side's contentions and the burdens of proof at the pleading stage, the Court granted Defendants' motion to dismiss. *See* 2024 WL 3226214, at *4-10.

First, the Court considered, and rejected, GPN's contention that there were outstanding factual disputes that purportedly prevented the Court from granting Defendants' motion to dismiss. *See* 2024 WL 3226214, at *4. Second, the Court considered, and rejected, GPN's contention that purportedly "guidance from the United States Patent and Trademark Office ('USPTO')" prevented the Court from granting Defendants' motion to dismiss. 2024 WL 3226214, at *5. Third, the Court considered, and rejected, GPN's contention that Defendants purportedly did not "properly chose[] representative claims." 2024 WL 3226214, at *5-6 (concluding that Defendants adequately demonstrated representativeness).

Fourth, at *Alice* step one, the Court found that Defendants met their burden of establishing that each representative claim was directed to an abstract idea. *See* 2024 WL 3226214, at *6-9. Fifth, at *Alice* step two, after considering the limitations of each representative claim, both individually and collectively, the Court found that Defendants met their burden of establishing that each representative claim lacked an inventive concept that transformed the claimed abstract idea into a patent-eligible application. *See* 2024 WL 3226214, at *6-9. Sixth, the Court considered, and rejected, GPN's contention that amending its complaint would not be futile. *See* 2024 WL 3226214, at *10.

GPN now seeks reconsideration of the Court's decision to grant Defendants' Motion to Dismiss, and the Court's decision to deny GPN's request for leave to amend its Amended Complaint (D.I. 8). *See* D.I. 31.

## II.    LEGAL STANDARDS

"The purpose of a motion for reargument or reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *ECB USA, Inc. v. Savencia*, No. CV 19-731-GBW-CJB, 2024 WL 4605620, at *1 (D. Del. Oct. 29, 2024). "Motions for re-argument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Adobe Inc. v. Marsh Funding LLC*, No. CV 24-861-GBW, 2024 WL 4751426, at *3 (D. Del. Nov. 12, 2024) (quoting quoting *Amgen Inc. v. Amneal Pharms. LLC*, No. CV 16-853-MSG, 2021 WL 4843959 (D. Del. Oct. 18, 2021)). "Reconsideration may be granted if the movant can show an intervening change in controlling law, new evidence not available when the court made its decision, or a need to correct a clear error of law or fact to prevent manifest injustice." *Id.* (quoting 2021 WL 4843959); *see Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002). "Neither motion is 'an appropriate vehicle to reargue issues that the court has already considered and decided.'" *Id.* (quoting *ACCO Brands USA LLC v. Performance Designed Prods. LLC*, No. CV 23-437-GBW, 2024 WL 3043311 (D. Del. June 18, 2024)); *see Gen. Elec. Co. v. LPP Combustion, LLC*, No. CV 22-720-GBW, 2024 WL 3510307, at *1 (D. Del. July 22, 2024).

"The decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court." 2024 WL 4751426, at *3 (quoting 2021 WL 4843959). "Reargument, like reconsideration, is granted sparingly." *Id.* (quoting *Corning Inc. v. SRU Biosystems*, No. CIV.A. 03-633-JJF, 2006 WL 155255 (D. Del. Jan. 20, 2006)); *see* 2024 WL 3510307, at *1 (D. Del. July 22, 2024) ("Pursuant to Local Rule 7.1.5, motions for reconsideration

3

should be granted only "sparingly.").[2]  "The proponent of the motion carries the burden." 2024 WL 4751426, at *3; *see, e.g.*, *In re TK Holdings Inc.*, No. 17-11375-BLS, 2024 WL 964205, at *7 (D. Del. Mar. 6, 2024) (citations omitted) ("Reconsideration is reserved for 'extraordinary circumstances.' . . . The movant 'bears a heavy burden' in showing that reconsideration is appropriate."); *Lynch v. Jacobs as Tr. of New Century Liquidating Tr.*, No. CV 20-182-MN, 2021 WL 5984897, at *1 (D. Del. Nov. 23, 2021) (similar); *Flash Seats, LLC v. Paciolan, Inc.*, No. CV. 07-575-LPS, 2011 WL 4501320, at *3 (D. Del. Sept. 28, 2011) ("[T]he legal standards for reconsideration impose a difficult burden on the moving party.").

## III.    DISCUSSION

GPN contends that the Court's Memorandum Opinion (D.I. 28) contains "errors and misapprehensions." D.I. 31 at 10.  GPN contends that it "will face manifest injustice and incurable prejudice if Game Play's motion for reconsideration and reargument is denied." *Id.*  As discussed below, the Court finds that GPN has not met its heavy burden to demonstrate that reconsideration or reargument is warranted.

### A.    Claim Construction

First, GPN contends that "the Court ignore[d] [GPN's] identification of terms to be construed," D.I. 31 at 3 (capitalization and emphasis altered), and that "the Court improperly construed terms against" GPN. D.I. 31 at 5 (capitalization and emphasis altered).[3]

---

[2] They are, however, granted on occasion. *See, e.g.*, *TQ Delta LLC v. Dish Network Corp.*, No. CV 15-614-GBW, 2024 WL 1112191, at *1-2 (D. Del. Mar. 14, 2024); *M2M Sols. LLC v. Sierra Wireless Am., Inc.*, No. CV 14-1102-RGA, D.I. 258 at 1-2 (D. Del. Aug. 16, 2022); *Align Tech., Inc. v. 3Shape A/S*, No. CV 17-1646-LPS, 2021 WL 534903, at *1-2 (D. Del. Feb. 12, 2021).

[3] Give the connection between these two contentions, the Court will address them together.

"Determining patent eligibility requires a full understanding of the basic character of the claimed subject matter." *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019). "As a result, if the parties raise a claim construction dispute at the Rule 12[] stage, the district court must either adopt the non-moving party's constructions or resolve the dispute to whatever extent is needed to conduct the § 101 analysis." 934 F.3d at 1379; *see Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 704 n.3 (Fed. Cir. 2023).[4]

"A patentee must do more than invoke a generic need for claim construction or discovery to avoid grant of a motion to dismiss under § 101." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1360 (Fed. Cir. 2023). "To defeat a motion to dismiss based on the purported need for claim construction, a 'patentee must propose a specific claim construction ... and explain why [any dispute] ... must be resolved before the scope of the claims can be understood for § 101 purposes.'" *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1293-94 (Fed. Cir. 2024) (alterations in original) (quoting *Trinity Info Media*, 72 F.4th 1355); *see Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, 958 F.3d 1178, 1183-84 (Fed. Cir. 2020). Where a patentee fails to do that, a "district court d[oes] not err by resolving the motion to dismiss without first undertaking claim construction." *Sanderling Mgmt.*, 65 F.4th at 704; *see, e.g., Trinity Info Media*, 72 F.4th at 1360-61; *WhitServe LLC v. Dropbox, Inc.*, 854 F. App'x 367, 373 (Fed. Cir. 2021) (nonprecedential). Here, the entirety of Plaintiff's claim construction contention is as follows:

> Additionally, *claim construction may be needed* to resolve factual issues. "[T]he Section 101 calculus could turn on exactly what" the recitation of certain elements means, and therefore, that the "District Court has not yet engaged in claim

---

[4] "If claims are directed to ineligible (or eligible) subject matter under all plausible constructions, then the court need not engage in claim construction before resolving a Section 101 motion." 65 F.4th at 704. Further, the Court need not resolve "claim construction dispute[s] [that are not] relevant to the eligibility issue." *Reese v. Sprint Nextel Corp.*, 774 F. App'x 656, 659 (Fed. Cir. 2019) (nonprecedential).

> construction … is another reason why grant of the [patent eligibility] Motion now
> would be inadvisable." *Ficep Corp. v. Peddinghaus Corp.*, 19-1994, 2021 WL
> 254104, at *8 (D. Del. Jan. 26, 2021). Here, each of the limitations discussed in
> the *Alice* step 1 analysis *could be relevant* to the § 101 calculus because at least
> those limitations recite the improved system. *Supra*, § III.A.1.a.

D.I. 21 at 20 (alterations in original) (emphases added); *see* D.I. 33 at 3 (observing that "GPN

dedicated only part of one paragraph to claim construction in its responsive briefing and merely

stated in a conclusory fashion that 'claim construction may be needed to resolve factual issues.'").[5]

As is apparent from the preceding excerpt, GPN was vague about the purported need for

claim construction. Like the patentee in *VeriPath, Inc. v. Didomi*, 842 F. App'x 640 (Fed. Cir.

2021) (nonprecedential), GPN did not adequately represent that the Court needed to engage in

claim construction before resolving the motion to dismiss. Instead, like the patentee in *VeriPath,

Inc. v. Didomi*, GPN merely contended that "claim construction *may be needed*." D.I. 33 at 3

(emphasis added). Such a vague contention about the potential need for claim construction is

insufficient to avoid a grant of a motion to dismiss under § 101. *See* 842 F. App'x at 644 (citation

omitted) ("[VeriPath] merely stated before the district court that there are issues of fact that '*may*

necessitate claim construction.' We thus conclude that the district court did not err in granting

Didomi's motion to dismiss."); *cf. Redwood Techs., LLC v. Netgear, Inc.*, No. CV 22-1272-GBW,

2024 WL 4591852, at *2 (D. Del. Oct. 28, 2024) (noting that cursory argument raised in passing

are forfeited.").

---

[5] To the extent that GPN raised additional claim construction contentions exclusively outside the
argument section of its opposition brief (D.I. 21), *see* D.I. 33 at 3 n.2, those contentions are
forfeited. *See In re Horsehead Holding Corp. Sec. Litig.*, No. CV 16-292-LPS-CJB, 2018 WL
4838234, at *17 (D. Del. Oct. 4, 2018), *report and recommendation adopted*, No. CV 16-292-
LPS-CJB, 2019 WL 1409454 (D. Del. Mar. 28, 2019); *In re DaVita Inc. S'holder Derivative Litig.*,
No. CV 17-152-MPT, 2019 WL 1855445, at *7-8 (D. Del. Apr. 25, 2019).

Moreover, GPN did not "propose a specific claim construction or identify specific facts that need development and explain why those circumstances must be resolved before the scope of the claims can be understood for § 101 purposes." *Trinity Info Media*, 72 F.4th at 1361; *see* D.I. 33 at 2-3 (observing that "[c]ontrary to GPN's assertion, the Court did not ignore GPN's alleged identification of claim terms to be construed because, quite clearly, GPN failed to expressly propose a single construction for any of its claim terms"). As Defendants observe, *see* D.I. 33 at 4-6, Plaintiff did not then, and still has not now, "provide[d] an actual proposed construction, [] demonstrate[d] that its construction is not frivolous, and [] articulate[d] how adoption of the construction would materially impact the analysis at step one (and/or at step two)." *Sanderling Mgmt.*, 65 F.4th at 704; *see Mobile Acuity*, 110 F.4th at 1294 n.7.

Likewise, Plaintiff's contention that "[t]he Court improperly construed terms against" it, D.I. 31 at 5 (capitalization and emphasis altered), and "did not adopt [] [GPN's] proposed constructions" is misplaced. D.I. 31 at 5. As discussed above, GPN did not adequately proffer any claim constructions for the Court to consider. Thus, the Court did not clearly err when finding that "there are no relevant claim construction [] [] disputes." 2024 WL 3226214, at *4 (capitalization and emphasis altered); *see id.* ("GPN has not identified any terms' needing construction, nor any proposed constructions for those terms.").

## B.    Factual Disputes

Second, GPN contends that "[t]he Court made a clear error of law when it resolved [] [GPN]'s [purported] factual allegations regarding technological improvements and inventive concepts against" GPN. D.I. 31 at 8.

"If patent eligibility is challenged in a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), we must apply the well-settled Rule 12(b)(6) standard which is consistently applied in every area of law." *Redwood*, 2024 WL 4591852, at *2 (quoting *Aatrix Software, Inc.*

*v. Green Shades Software, Inc.*, 890 F.3d 1354 (Fed. Cir. 2018)). "[A]t the motion-to-dismiss stage, the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom." *Id.* at *2 (alterations in original) (quoting *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175 (2024)). "[P]atent eligibility [under § 101] can be determined at the Rule 12(b)(6) stage ... only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Id.* (alterations in original) (quoting *Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350 (Fed. Cir. 2024)).

"In *Aatrix Software, Inc. v. Green Shades Software, Inc.* and *Berkheimer v. HP Inc.*, the Federal Circuit observed that factual disputes may preclude invalidating a patent claim before trial under the *Alice* test." *Id.* at *12. "However, '*Aatrix* and *Berkheimer* do not stand for the proposition that a plaintiff can avoid dismissal simply by reciting . . . that the invention at issue is novel and nonconventional.'" *Id.* (quoting *Brit. Telecommunications PLC v. IAC/InterActiveCorp*, 381 F. Supp. 3d 293 (D. Del. 2019)). "[W]hen, as here, the defendant[s] contend[] that the asserted claim lacks a plausible factual basis in the form of an inventive concept, the patent owner is required to respond with more than 'conclusory allegations of inventiveness.'" *Id.* at *11 (quoting *GeoComply Sols. Inc. v. Xpoint Servs. LLC*, No. CV 22-1273-WCB, 2023 WL 1927393 (D. Del. Feb. 10, 2023)).

"[W]hile 'plausible factual allegations of an inventive concept can defeat a motion to dismiss, a plaintiff cannot defeat a motion to dismiss merely by including conclusory allegations of inventiveness.'" *Id.* at *12 (quoting *Brit. Telecommunications*, 381 F. Supp. 3d 293); *see, e.g.*, *Beteiro*, 104 F.4th at 1358 ("While we must accept all of the complainant's well-pleaded factual allegations as true and draw all reasonable inferences from them, 'generalized assertions that factual considerations about the state of the art preclude a decision at the pleadings stage' do not

prevent a district court from granting a motion to dismiss."); *AI Visualize, Inc. v. Nuance Commc'ns, Inc.*, 97 F.4th 1371, 1380 (Fed. Cir. 2024) (citations omitted) ("Conclusory allegations or those 'wholly divorced' from the claims or the specification cannot defeat a motion to dismiss."); *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, No. 2022-1861, 2024 WL 89642, at *4 (Fed. Cir. Jan. 9, 2024) (nonprecedential) ("[W]e have repeatedly held that 'the district court need not accept a patent owner's conclusory allegations of inventiveness.'").

Here, the entirety of Plaintiff's contention regarding factual disputes is as follows:

> Patent eligibility can be determined at the Rule 12 stage "only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018). The Federal Circuit has explained that "[t]he improvements in the specification, to the extent they are captured in the claims, create a factual dispute" that preclude resolution at the Rule 12 stage. *See Berkheimer*, 881 F.3d at 1369. To the extent Defendants dispute that the specifications in the Asserted Patents describe improvements over prior systems that are recited in the Claims (*supra*, §§ II, III.A.1.a) this factual dispute must be resolved in Game Play's favor. Additionally, claim construction may be needed to resolve factual issues.

D.I. 21 at 20 (alterations in original); *see* D.I. 33 at 6-7 (observing that "[t]he Court's legal determination of patent ineligibility was not based on resolving any factual dispute for or against GPN, but rather on legal precedent directing what is and is not patent eligible").

As is apparent from the preceding excerpt, "GPN [] assert[ed] that there is a factual dispute as to whether 'the specifications in the Asserted Patents describe improvements over prior systems that are recited in the Claims.'" 2024 WL 3226214, at *4 (quoting D.I. 21). The Court found that there were no genuine factual disputes between the parties as to that question. *See* 2024 WL 3226214, at *4. Instead, "the dispute turn[ed] on the legal question of whether the 'improvements' are patentable technological improvements." 2024 WL 3226214, at *4. Thus, accepting GPN's

characterization of the purported problem and purported solution, the Court applied the *Alice* test to answer the preceding question. *See* 2024 WL 3226214, at *6-10.

Ultimately, the Court concluded that "making games more interactive so users gamble more is not a technological problem, nor do the patents-in-suit present a unique technological solution." 2024 WL 3226214, at *9. GPN's disagreement with that conclusion is based on its misunderstanding of the judicial exceptions to patent eligibility. GPN contends that "[b]y improving on conventional systems, the claimed inventions here provide a technological improvement." D.I. 31 at 8-9. Not all improvements, however, are directed to patent eligible subject matter.

GPN's asserted claims exemplify "claims, whose focus is 'not a physical-realm improvement but an improvement in a wholly abstract idea,' [and] are not eligible for patenting." *Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*, 778 F. App'x 882, 889 (Fed. Cir. 2019) (nonprecedential) (quoting *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161 (Fed. Cir. 2018)); *see, e.g.*, *cxLoyalty, Inc. v. Maritz Holdings Inc.*, 986 F.3d 1367, 1378 (Fed. Cir. 2021) ("To the extent Maritz identifies what it contends constitutes a technological problem, it appears to be 'the problem of connecting the loyalty awards system with those of third-party vendors while keeping the overall nature of the transaction hidden.' Maritz's Op. Br. 45. But as we have already explained, the claims do not recite a solution to that problem. Even if the claims did, that is not a technological problem requiring a solution that improves the performance of the computer system itself."); *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1363 (Fed. Cir. 2020) ("[B]y dedicating a section of the computer's memory to advertising data, the claimed invention ensures memory is available for at least some advertising data. This does not, however, improve the functionality of the computer itself. Even if we accept Customedia's assertions, the claimed

invention merely improves the abstract concept of delivering targeted advertising using a computer only as a tool."); *In re Zimmerman*, No. 2023-1542, 2024 WL 503743, at *3 (Fed. Cir. Feb. 9, 2024) (nonprecedential) ("While Mr. Zimmerman repeatedly calls his patent a 'technological' improvement, the purported improvement he describes deals only with the efficiency of the trade's matching process, which 'makes the *trader* faster and more efficient, not the computer.'").

## C.    Leave to Amend

Third, GPN contends that "the Court erred by not granting leave to amend" its complaint. D.I. 31 at 10 (capitalization and emphasis altered).

"Federal Rule of Civil Procedure 15(a)(2) provides that a district court should 'freely give leave [to amend] when justice so requires.'" *Talley v. Wetzel*, 15 F.4th 275, 286 n.6 (3d Cir. 2021) (alterations in original).[6] "Despite this liberal standard, leave to amend may be denied when there is undue delay, bad faith, dilatory motive, prejudice, [or] futility." *Id.* (quotation marks omitted); *see LaSpina v. SEIU Pennsylvania State Council*, 985 F.3d 278, 291 (3d Cir. 2021). "Amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted." 15 F.4th at 286 n.6 (quotation marks omitted). "When assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (quotation marks omitted).

"In the context of *Alice* challenges at the Rule 12 stage, whether to dismiss with prejudice often turns on why the claim is being dismissed." 2024 WL 4591852, at *13. "This Court has noted that dismissal without prejudice is appropriate if the patentee 'may be able to fix the deficiencies identified by the Court.'" *Id.* at *13 (quoting *Redwood Techs., LLC v. Netgear, Inc.*,

---

[6] "Regional-circuit law applies." *Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1130 n.13 (Fed. Cir. 2021).

No. CV 22-1271-GBW, 2024 WL 3202395 (D. Del. June 27, 2024)). "On the other hand, this Court has noted that dismissal with prejudice is appropriate if 'an amendment [of the complaint] would not change the Court's *Alice* analysis.'" *Id.* at *13 (alterations in original) (quoting *ThroughTEK Co. v. Reolink Innovation Inc.*, No. CV 23-218-GBW, 2024 WL 1701841 (D. Del. Apr. 19, 2024)).

> Here, the entirety of Plaintiff's contention regarding leave to amend is as follows:
>
> Factual allegations in a complaint can overcome *Alice* step 2 and courts should freely grant leave to amend. *See Cellspin Soft v. Fitbit*, 927 F.3d 1306, 1317 (Fed. Cir. 2019); *Aatrix*, 882 F.3d at 1127-30. Should the Court consider granting Defendants' motion, dismissal should be without prejudice to amend. Game Play's amendment would include allegations relating to the state of the prior art, the drawbacks in prior systems, and how the Claims solve those drawbacks in a manner that is not well-understood, routine, or conventional. *Supra*, § II. Such "plausible factual allegations that support the conclusion that the claim elements or their ordered combination were not well-understood, routine or conventional" preclude dismissal.

D.I. 21 at 20. As is apparent from the preceding excerpt, GPN made a generic request, in its opposition brief, for leave to amend its complaint to include some unspecified allegations.[7] Importantly, GPN did not proffer "amendments [that] would create a factual issue sufficient to overcome a motion to dismiss, rendering the amended complaint futile." *Data Scape Ltd. v. W. Digital Corp.*, 816 F. App'x 461, 464-65 (Fed. Cir. 2020) (nonprecedential).[8]

---

[7] Again, "[GPN]'s request was 'raised in passing,' as opposed to being 'squarely argued,' and thus it [was] forfeited." 2024 WL 4591852, at *12.

[8] In fact, GPN did not accompany its request with a draft amended complaint. That is another reason that supports denying GPN's request to amend its complaint. *See Huckabee v. Meta Platforms, Inc.*, No. CV 24-773-GBW, 2024 WL 4817657, at *7 n.1 (D. Del. Nov. 18, 2024) (quoting from *LabMD Inc. v. Boback*, 47 F.4th 164 (3d Cir. 2022) and *Fletcher-Harlee Corp. v. Pote Concrete Contr., Inc.*, 482 F.3d 247 (3d Cir. 2007)); *see also Godson v. Delaware Dep't of Nat. Res.*, No. 22-3054, 2023 WL 3479568, at *2 (3d Cir. May 16, 2023) (nonprecedential) (summarizing *Lake v. Arnold*, 232 F.3d 360 (3d Cir. 2000) as "explaining that, without a proposed amended complaint, a court has 'nothing upon which to exercise its discretion'").

Thus, the Court did not clearly err in denying GPN's informal request to amend its complaint, since GPN was vague about what specific allegations the amended complaint would include and how new allegations would impact the *Alice* analysis. *See, e.g.*, *Trinity Info Media*, 72 F.4th at 1361 ("[W]e recently affirmed a district court's decision that it would be futile, for purposes of § 101, for a patentee to amend its complaint where the 'proposed amendment merely sought to add conclusory statements that the claimed steps were not well-known, routine, and conventional.'"); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 776 (Fed. Cir. 2019) ("ChargePoint has not identified any alleged facts that could be pleaded that would cure the deficiencies in its complaint. Therefore, ChargePoint has failed to provide any assurance that amendment would be anything other than futile."); *Fast 101 Pty Ltd. v. CitiGroup Inc.*, 834 F. App'x 591, 594 (Fed. Cir. 2020) (nonprecedential) ("Fast 101 has failed to provide any persuasive reason why the district court abused its discretion in denying leave to take targeted discovery and to amend because Fast 101 has not identified with specificity any additional factual allegations or claim constructions that would render amendment and discovery not futile.").

## IV.    CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for Reconsideration.

\* \* \*

WHEREFORE, at Wilmington this 3rd day of January 2025, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (D.I. 31) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE